## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KEVIN D. JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 04-819-JPG** |
| | ) | |
| **T. J. COLLINS and MORTEY HUBERT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, formerly an inmate in the St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, and he seeks to proceed *in forma pauperis* (Doc. 3). The Court finds that Plaintiff is, in fact, indigent; therefore, the motion for leave to proceed *in forma pauperis* is **GRANTED**, and his motion for an order directing St. Clair County Jail to provide a copy of his trust fund statement (Doc. 6) is **DENIED** as moot.[1]

In this action, Plaintiff alleges that while in St. Clair County Jail, Defendants (and other unnamed personnel at the jail) attempted to coerce him into taking some form of anti-psychotic medication against his will. He further alleges that due to his refusals to take this medication, he was punished with confinement to segregation; he also claims he was subjected to constant harassment in retaliation for his refusal to take this medication.

In *Washington v. Harper*, 494 U.S. 210 (1990), the Supreme Court held that a prisoner has

---

[1] At the time of filing the complaint, Plaintiff indicated he was incarcerated in the St. Clair County Jail. On November 29, 2004, Plaintiff informed the Court of a new address (Doc. 5). Based on this address, the Court believes that Plaintiff is now housed in the Chester Mental Health Center, an Illinois state mental hospital. Because Plaintiff appears not to be incarcerated, the Court will allow him to proceed without payment of fees. *See* 28 U.S.C. § 1915(a)(1).

"a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under

the Due Process Clause of the Fourteenth Amendment."  *Id.* at 221-22.  However, the "Clause

permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs

against his will, if the inmate is dangerous to himself or others and the treatment is in  the inmate's

medical interest."  *Id.* at 227.  *See also Fuller v. Dillon*, 236 F.3d 876, 881-82 (7th Cir. 2001);

*Sullivan v. Flannigan*, 8 F.3d 591 (7th Cir. 1993).

> *Harper* emphasized several aspects of an inmate's right to refuse drug treatment.
> First, to administer involuntary treatment the state must find that medication is in the
> prisoner's medical interest (independent of institutional concerns).  494 U.S. at 227,
> 110 S.Ct. at 1039.  Second, the tribunal or panel that reviews a treating physician's
> decision to prescribe forced medication must exercise impartial and independent
> judgment, taking account of the inmate's best interest.  *Id.* at 222, 233, 110 S.Ct. at
> 1036, 1042; *compare id.* at 250-53, 110 S.Ct. at 1051-53 (Stevens, J., dissenting).
> Third, the prisoner must be able to argue capably before a review tribunal that he
> does not need forced medication.  *Id.* at 233, 110 S.Ct. at 1042.  If the state failed to
> meet these requirements in a particular case, the prisoner could argue that he was
> denied Harper's protections.

*Sullivan*, 8 F.3d at 598.

Based on these standards, the Court is unable to dismiss any portion of the complaint at this

point in the litigation.  *See* 28 U.S.C. § 1915A.

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for

Defendants **COLLINS** and **HUBERT** within **THIRTY (30) DAYS** of the date of entry of this

Memorandum and Order.  The Clerk is **DIRECTED** to send Plaintiff **TWO (2)** USM-285 forms

with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be**

**made on a defendant until Plaintiff submits a properly completed USM-285 form for that**

**defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver

of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **COLLINS**

and **HUBERT**.  The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff,

and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of

Civil Procedure, to serve process on Defendants **COLLINS** and **HUBERT** in the manner specified

by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the

complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of

computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of

the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of St. Clair County Jail who no longer can be found at the

work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's last-

known address upon issuance of a court order which states that the information shall be used only

for purposes of effectuating service (or for proof of service, should a dispute arise) and any

documentation of the address shall be retained only by the Marshal.  Address information obtained

from the County pursuant to this order shall not be maintained in the court file, nor disclosed by the

Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for

waivers of service that are returned as undelivered as soon as they are received.  If a waiver of

service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the

request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet
returned a waiver of service; the Clerk shall then prepare such summons as
requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff  is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days

after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated: May 27, 2005**

**s/ J. Phil Gilbert**
**U. S. District Judge**